Opinion by
Porter, J.,
The defendant was tried upon an indictment containing three counts; the first charging assault and battery; the second assault and battery and the malicious infliction of grievous bodily harm; and the third felonious assault and battery, with intent to kill and murder. The trial resulted in a verdict of guilty upon the first and second counts of the indictment, and not guilty upon the third. The court imposed sentence under the conviction upon the first two counts of the indictment, and the defendant appeals.
The first four specifications of error relate to the admission of evidence, and the twelfth and thirteenth to certain remarks of the district attorney made at the trial. None of these assignments of error is sustained by an exception taken in the court below and they must, for that reason, be dismissed. The fourteenth specification alleges error “in not allowing the defendant reasonable time to file reasons for a new trial;” and the fifteenth specification avers that the court “erred in not allowing the defendant a reasonable time in which to prepare for argument on the motion for a new trial.” The record as printed does not disclose that counsel for defendant asked for time to file reasons or to prepare for the argument on the motion for a new trial; nor does it disclose that the defendant even made a motion for a new trial, or asked for leave to do so. The court below ought not to be convicted of error for failing to do what the law did not expressly require, in the absence of any request on the part of the defendant, that the thing should be done, and these specifications must also be dismissed.
The appellant admitted that during the occurrence out of which this prosecution arose he had struck the prosecutor with a hammer, but asserted that in doing so he was merely exercising his right of self-defense, against an *194 attack which the prosecutor was then maldng upon him. The defendant submitted points, in several different forms, requesting the court to charge that if at the time he struck Taylor with the hammer the latter was making an attack upon him, the jury should acquit. The vice of these points is that they left entirely out of view any question as to whether the violent act of the defendant in using a weapon was or was not, under the circumstances as they then reasonably appeared to him, wholly unnecessary to protect him from bodily harm, in other words, whether the counter attack which he delivered was wholly disproportioned to that which was being made upon him. One who is assaulted in such a way as to induce in him a reasonable and well-grounded belief that he is actually in danger of losing his life, or of receiving great bodily harm, under the influence of such apprehension will be justified in defending himself, whether the danger was real or only apparent; and though he be mistaken in his reasonable conviction, he will not be held criminally liable. The good faith of his assertion of such a conviction is, however, always a question for the jury. Even if the prosecutor in this case was the original assailant, the testimony with regard to which was conflicting, it is very clear that the evidence would have warranted a finding that the defendant repeatedly used his weapon with great violence, that he reduced his adversary to a helpless condition and continued to hammer him after the prosecutor was lying upon the floor with the defendant seated upon his stomach. The right of self-defense does not include the right to indefinitely beat and wound the original assailant after he has been reduced to a helpless condition. The learned judge of the court below, in qualifying the points submitted by the defendant, properly instructed the jury as to the principles governing the right of self-defense arising under the evidence in this case. The fifth, sixth, seventh and eighth specifications of error are without merit.
The defendant contended that certain testimony of the *195 prosecutor was clearly at variance with the established facts and submitted points, in various.forms, requesting the court to charge the jury that if they found the testimony of the prosecutor, on those particular points to be false, they would be “justified in rejecting all his testimony, and should acquit.” The answer of the court to these points varied owing to the manner in which the points were worded, but the answer of the court to the twenty-ninth point (eleventh specification of error), fully covers the instruction of the court to the jury upon the question thus presented; that answer was as follows: “If you believe that Taylor perjured himself by willfully and deliberately stating upon any material point that which he knew to be false, you would have good grounds for rejecting all his story. But if you think that in any respect in which his testimony deviated from that which you believe to be the true facts, but that he was simply mistaken, that would not be a justification for the rejection of the rest of his evidence, although there would be good grounds for sifting his testimony pretty carefully before accepting it.” This instruction was certainly as favorable as the defendant had any right to expect upon this question. The points submitted requested the court to charge that if Taylor had testified falsely, as to the matter specified, the jury would not only be justified in rejecting all his testimony, but, further, that they “should acquit.” The court would have been warranted in answering the points with a distinct negative. “The maxim, falsus in uno, falsus in omnibus, has modernly been relaxed and restricted in its application. The rule is, that if the witness willfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony. But the correct principle goes no farther than to say that the jury may disregard the testimony, not that they must disregard it:” Com. v. Ieradi, 216 Pa. 87. “There has never been any positive rule of law which excluded evidence from consideration entirely, on account *196 of the willful falsehood of a witness as to some portions of his testimony. . . . When testimony is once before the jury, the weight and credibility of every portion of it are for them, and not for the court, to determine. The duty of the court is to give them such full cautions as will lead them to the intelligent performance of their functions:” Knowles v. People, 15 Michigan, 408. All the specifications of error are overruled.
The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by said court committed until he has complied with so much of the sentence as had not been performed at the time the appeal in this case was made a supersedeas.