## Blumenthal *v.* Green, Appellant.

*Evidence—Oral testimony—Conflict of testimony—Province of court and jury.*

1. When proof of a fact depends upon oral testimony, and particularly if the testimony is conflicting, it is the province of the jury to decide under instructions from the court as to the law applicable to the facts, and subject to the salutary power of court to award a new trial if they should deem the verdict contrary to the weight of the evidence.

*Practice, C. P.—Charge—Comment on evidence—Credibility of witness—Falsus in uno falsus in omnibus.*

2. The maxim falsus in uno falsus in omnibus is a rule of permission, and not a mandatory one to be laid down by the court as binding the jury without regard to corroborating circumstances.

3. If a witness willfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony; but the correct principle goes no farther than to say that the jury may disregard the testimony, not that they must disregard it. The question is for the jury, and not for the court on binding instructions.

Argued Oct. 15, 1912.    Appeal, No. 57, Oct. T., 1912, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1909, No. 2,991, on verdict for plaintiff in case of William Blumenthal and William Shiller, Copartners, trading as Blumenthal, Shiller & Co., v. Nicholaus Green, trading as Empire Cloth Examining, Sponging & Refinishing Works.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Reversed.

Assumpsit on a contract.   Before SULZBERGER, **P. J.**
The opinion of the Superior Court states the case.

The court charged in part as follows:
[This is a case (a very rare case) wherein you have evidence of willful and corrupt perjury on the part of the defendant, very thorough evidence, and a person guilty of willful and corrupt perjury is unworthy of belief in any aspect.] [1]

[He made this claim. He swore to the truth of it. He took the money on the settlement, and it is impossible, where the main item was loss on these goods that were handed to him for sponging (unless he were to prove afterward that he was insane), that he could have been guilty of anything but deliberate, false and corrupt perjury.

A person like that is unworthy of belief in any aspect, no matter what he says.] [2]

[I mean if the statement as it appeared to us this morning had been true, that the defendant could really stand up as a man and say, "Your goods never were damaged, and you ought not to claim it," then there might be a fair question as to whether the plaintiffs had forfeited their trade discount by not paying a bill, which was undisputed, merely because there was a disputed one, but in the present aspect of the case, as I have instructed you that the defendant is totally unworthy of belief, there seems to be nothing of any value to oppose the plaintiffs' claim. You are therefore at liberty to find a verdict for plaintiffs for $39.41, and interest, whatever that amount is.] [3]

Verdict and judgment for plaintiff for $44.13. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*R. W. Archbald,* of *Ehrlich & Archbald,* for appellant.— The case was for the jury: Alexander v. Buckwalter, 17 Pa. Superior Ct. 128; Com. v. Rosenzweig, 19 Pa. Dist. Rep. 25; Burke v. Maxwell, 81 Pa. 139; Spitzel v. Hunt, 39 Pa. Superior Ct. 631; Danko v. Rys. Co., 230 Pa. 295; Creachen v. Carpet Co., 209 Pa. 6; Dinan v. Supreme Council of Catholic Mut. Ben. Assn., 210 Pa. 456; Black v. Ins. Co., 121 Fed. Repr. 732; Cronmuller v. Evening Telegraph, 232 Pa. 14.

*William S. Furst,* for appellee.—The trial judge has the right to express his opinion upon the facts, evidence,

witnesses or points, if warranted by the evidence; nay, more, it may some time be his duty to do so, provided he does not interfere with the province of the jury: Com. v. Orr, 138 Pa. 276; Horton v. Coal Co., 2 Pennypacker, 25; Simmons v. R. R. Co., 199 Pa. 232; McClain v. Com., 110 Pa. 263; McNeile v. Cridland, 6 Pa. Superior Ct. 428.

OPINION BY RICE, P. J., February 27, 1913:

The plaintiffs alleged in their statement of claim that they had intrusted to the defendant thirteen pieces of cloth to be sponged, under an express agreement between the parties that the defendant would be responsible for all damages done to the cloth, whilst in his possession, either by fire, water, or otherwise; that whilst the cloth was in his possession it was damaged by water used in extinguishing a fire; that they refused to accept the damaged cloth as their property, and immediately notified the defendant that they would hold it for his account; and that, upon his refusal to accept a return of the cloth, and after due and proper legal notice, they caused it to be sold by certain public auctioneers. They claim to recover the difference between what they allege to be the original value of the cloth and the sum realized at the auctioneer's sale, less expenses of sale, and less a credit of $49.94 they admitted the defendant was entitled to for examining and sponging other cloth. The defendant pleaded non assumpsit, payment, payment with leave, and set-off, and, in connection with his pleas, gave notice that he would offer in evidence at the trial of the cause the special matter set forth in his affidavit of defense, which was that the amount due him for sponging other cloth was $66.93, instead of $49.94 as alleged in the statement of claim. This extended recital of the pleadings is introduced here in order to show that at least four principal matters of fact were in issue: (1) the existence of an express agreement; (2) the occurrence of damage to the cloth; (3) the original value of the cloth and the amount of pecuniary loss; (4) the amount due

the defendant for sponging other cloth. Not only were these matters put in issue by the pleadings, but as to each of them, excepting the third, there was conflicting evidence. Therefore, unless there is something extraordinary in the case, the determination of them belonged to the exclusive province of the jury under appropriate instructions by the court as to the law. But in concluding his charge the learned judge said: "as I have instructed you that the defendant is totally unworthy of belief, there seems to be nothing of any value to oppose the plaintiffs' claim. You are therefore at liberty to find a verdict for plaintiffs for $39.41 and interest, whatever that amount is." While this was not, in precise terms, a binding instruction to find in favor of the plaintiffs for the amount of their claim, yet, as the jury had not been told, either directly or inferentially that they were at liberty to find any other verdict, we cannot say that they would have been wholly unjustified in interpreting it as a binding direction. But it is to be borne in mind that the foundation of the plaintiffs' case was the existence of the agreement above referred to, and whether it was established or not was a question of fact depending on oral testimony. The two plaintiffs swore there was such agreement, and the defendant swore there was not. Whatever may be said of the truth of the defendant's testimony as to the other issues of fact, it could not be declared, as matter of law, that the falsity of his testimony and the truth of the plaintiffs' testimony, as to this particular issue of fact, were so incontrovertibly established as to leave nothing in that regard for the jury to decide. Again, the defendant's allegation that the cloth was not damaged did not rest alone on his testimony, but had support in the testimony of his wife, of his witness Charr, and of the lieutenant of police. For these reasons binding direction that the two essentials to the plaintiffs' recovery, namely, the existence of the agreement and the occurrence of damage to the cloth, had been conclusively established, would not have been

warranted by the evidence.  In short, the case is within the general rule that, when proof of a fact depends upon oral testimony, and particularly if the testimony is conflicting, it is the province of the jury to decide under instructions from the court as to the law applicable to the facts and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence: Reel v. Elder 62 Pa. 308.  See, also, opinion herewith filed in Cahill v. Phila. Rapid Transit Co., 00 Pa. Super. Ct. 000, and cases there cited.

Granting, however, that the instruction above quoted was not intended to bind the jury to render a verdict for the plaintiffs, but may be regarded as merely a strong expression of the judge's opinion upon that general question, there is no room for reasonable doubt, when the instruction is considered in connection with those quoted in the first and second assignments, that binding direction was given that the defendant had been guilty of willful and corrupt perjury, and therefore his testimony could not in any particular be given credence by the jury.  The effect of the instructions on this subject was the same as if his entire testimony had been withdrawn from the consideration of the jury by striking it out.  Indeed, if anything, the instructions were rather more damaging. That the defendant's testimony that the cloth was not damaged was in irreconcilable conflict with the documentary evidence made by himself in claiming and receiving money from the insurance companies on account of damage he then alleged to have been done to the cloth, is clearly beyond question.  But it does not necessarily follow that the testimony given by him on the trial, that the cloth was not damaged, was false; nor, for a stronger reason, does a conclusive legal presumption arise, from the conflict in this particular between his testimony and his conduct with the insurance companies, that his testimony in other particulars was false and not to be credited by the jury even though corroborated.

It is not error for a trial judge to comment on the testimony of a witness and to call attention to its inherent probability or improbability, or to the inconsistency of one part of it with other parts, or to its inconsistency with declarations made or testimony given by him at another time, as bearing on his credibility, provided this is done fairly and the credibility of the witness is left to the jury. It is often very proper to accompany such comments with an expression of opinion by the judge. "It aids the jury and subserves the ends of justice. Care must always be taken, however, not to infringe the province of the jury so as to relieve them from the full responsibility of pronouncing an intelligent judgment upon them (the facts) for themselves:" Ditmars v. Com., 47 Pa. 335; Burke v. Maxwell, 81 Pa. 139. The judge has a right to aid the jury by an expression of his opinion upon the effect of the evidence, but not so as to mislead them or control their deliberations: Mohney v. Evans, 51 Pa. 80. It is well settled that it is not error for a judge in his charge to the jury to express his opinion upon facts, if done fairly; in some cases it may be his duty to do so, provided he does not give a binding direction or interfere with the province of the jury. In one of the latest cases Chief Justice FELL expressed the idea in this way: "It is the undoubted right of a judge and often it is his duty to express to the jury his opinion of the weight and the effect of the evidence. The only limitation of the right is that there must be reasonable ground for his statement and that it is not made as a binding direction but leaves the jury free to act:" Com. v. Cunningham, 232 Pa. 609. These principles as to the authority of the trial judge to express opinion upon the evidence and comment on matters affecting the credibility of the witnesses, and the limitations of this authority are recognized in a multitude of cases, and, if the instructions in the present case had kept within those limitations, the defendant would have had no just cause to complain. The difficulty in the case is that the instructions as to the

credit to be given the defendant's testimony were, in effect, a binding direction and did not leave the jury free to act.

It may be said that, either when he testified on the trial or swore to the proofs of loss, the defendant consciously swore falsely, and therefore he was not worthy of belief in any respect. This, however, was for the jury to say and not for the court. If a witness at a former trial or elsewhere has made statements contradictory of his testimony at the present trial, such statements affect his credibility, but do not authorize an instruction to the jury not to believe him: Platz v. McKean, 178 Pa. 601; Danko v. Pitts. Railways Co., 230 Pa. 295. If the testimony of a plaintiff on two trials is in conflict, it is not within the scope of the judge's duty to say which was true and which was false. That duty rests with the jury: Creachen v. Bromley Bros. Carpet Co., 209 Pa. 6. Though the presumption that a witness has testified to the truth may be removed by proof that he has testified differently upon a former trial of the same case, still it belongs to the jury to weigh such evidence and to determine the credibility of the witness. According to the better reasoning and the weight of authority, the maxim, falsus in uno falsus in omnibus, is a rule of permission, and not a mandatory one to be laid down by the court as binding the jury without regard to the corroborating circumstances: Alexander v. Buckwalter, 17 Pa. Superior Ct. 128. The principle is thus stated in Wigmore on Ev., secs. 1008, 1015: "If the witness consciously falsifies upon a material fact, the jury may reject his entire testimony, except so far as they may believe it because of corroboration by other evidence; but they are in no case obliged to believe it." So, in Com. v. Ieradi, 216 Pa. 87, Justice Brown said: "The maxim falsus in uno, falsus in omnibus, has modernly been relaxed and restricted in its application. The rule is, that if a witness wilfully and corruptly swears falsely to any material fact in a case, the jury are at liberty to disregard the whole of his testimony:

30 Am. & Eng. Ency. of Law (2d ed.), 1072. But the correct principle goes no farther than to say that the jury may disregard the testimony, not that they must disregard it." That case was followed, and the above language was quoted, in the opinion of our Brother PORTER in Com. v. Sutton, 51 Pa. Superior Ct. 191.

This was a case in which the learned trial judge would have been justified in calling the jury's attention in an emphatic way to the self-contradictions of the defendant's testimony, and of its inconsistency with his conduct with the insurance company, and in cautioning the jury as to the credence to be given to it. We are of opinion, however, that, in charging, in effect, that the defendant had been guilty of willful, deliberate, and corrupt perjury, instead of leaving that question to the jury, and in basing on this conclusion binding direction that the defendant was unworthy of belief in any aspect, the learned judge went too far.

The assignments of error are sustained and the judgment is reversed with a venire facias de novo.