Commonwealth *v.* Sacco, Appellant.

348

Argued December 9, 1929.

Before
PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP,
CUNNINGHAM and BALDRIGE, JJ.

*Charles J. Margiotti,* and with him *W. M. Gillespie,
S. C. Pugliese, Edward Friedman* and *Claude Shattuck,* for appellant.—A judge may express his opinion regarding the evidence but this should be so done as not to withdraw the evidence from the consideration and decision of the jury: Com. v. Havrilla, 38 Pa. Superior Ct. 292; Com. v. Bloom, 88 Pa. Superior Ct. 93; Kane v. Commonwealth, 89 Pa. 522.

*Charles G. Hubbard,* District Attorney, and with him *Thomas B. Wilson, John A. Fitzgibbon,* of *Wilson & Fitzgibbon,* for appellee.—A trial judge in a murder case may comment on the testimony, and even indicate an opinion, the jury is left free to act upon its own view of the evidence: Commonwealth v. Elliott, 292 Pa. 16; Commonwealth v. Roman, 52 Pa. Superior Ct. 64.

OPINION BY GAWTHROP, J., January 29, 1930:

Defendant was tried upon an indictment containing three counts, the first charging assault and battery, the second assault and battery and the malicious infliction

of grievous bodily harm, and the the third felonious assault and battery with intent to kill and murder. The trial resulted in a verdict of guilty upon the second count, and defendant appeals from the sentence imposed thereunder.

The first four specifications of error relate to the charge; the fifth is merely to the imposing of sentence.

At the trial defendant admitted that he was a bootlegger doing business in the City of Bradford, Pennsylvania. The prosecuting witness, Somers, admitted that he was a bootlegger doing business in the City of Olean, New York. It is undisputed that there was jealousy existing on the part of defendant because of Somers' interfering with his trade in the City of Bradford. On August 2, 1928, Somers and defendant met on the street in the City of Bradford. A witness for the Commonwealth, who was within three or four feet of the men, testified that they were in an argument and she heard defendant say Somers was in his territory and he should keep out; that they started to fight and she heard Somers say "put that knife away you dirty Dago;" that Sacco struck the first blow and she then saw defendant strike with the knife. The cut which Somers received required fourteen stitches to close it and almost struck a vital part. His felt hat was cut through the rim. Somers testified that he struck defendant with his fist when the latter called him some names and told him to stay out of Bradford. "He came right for me and the first thing I knew I was stabbed;" when he was shown the small knife which defendant admitted he used, Somers said, "it don't seem to me as if this is it." Defendant testified that he was manicuring his nails when the altercation began and that after Somers struck him twice with his fist he (defendant) hit Somers with the hand in which he was holding a very small pen knife worn on his watch chain.

The first assignment complains of that portion of the

charge in which the learned judge referred to the small knife and said, "they (meaning counsel for the Com.) undertake to say to you this knife is not a knife which could inflict this wound, or words to that effect. You will recall the testimony of Doctor Benninghoff as to the length of this cut; he tells you that if it had just been a little deeper it would have cut an important blood vessel, and that the wound was of such a nature that it required fourteen stitches to close it. Also you have the evidence which is not disputed that the hat of Somers was cut through the rim. Was that hat cut through the rim with this knife offered in evidence? Was this wound made with this small pen knife exhibited by you?" It is urged that this portion of the charge was highly prejudicial to defendant because it raised a doubt in the minds of the jurors as to the size of the knife; that there was no evidence of any kind contradicting defendant's testimony that the knife used was the small knife offered in evidence. If counsel for defendant had any complaint to make about the submission of this question to the jury, it should have been brought to the attention of the trial judge when, at the end of his charge, he invited suggestions as to further instructions. It is too late to register such a complaint in a motion for a new trial. We are convinced, however, that the evidence which we have carefully read fully warranted the submission of this question to the jury, and that this complaint is devoid of merit.

The complaint upon which the second and third specifications of error are grounded is that the judge not only failed to explain sufficiently what constituted the elements of self-defense in a case of this character, but also deprived defendant of the benefit of such a defense by the following language: "If Sacco struck the first blow and followed it up with the use of this knife, then the defense of self-defense cannot avail;

neither can the defense of self-defense avail if you find the defendant used more force than was necessary to repel an attack made on him by Somers. Even if Somers struck him with his hand or fist, it would not justify the defendant in using the knife upon Somers. While a man may repel force with force, one may repel a blow with a blow, yet he was not justified in repelling a mere stroke of the hand by using a knife upon his adversary; if he does so, he should be found guilty. Sacco told you the reason he used this knife was because he happened to have it in his hand at the time and when he struck, the knife was still in his hand. Now, was the cut made through the rim of the hat and down across the cheek and neck by an ordinary blow a man would strike to repel another who struck with his fist, or was the knife used with a downward stroke and with the purpose of cutting his adversary? It is all for the jury." We cannot agree with the contention of counsel for defendant that this was an erroneous statement of the law applicable to the evidence. The clear effect of it was an instruction that if defendant was the aggressor and struck the first blow, then the defense of self-defense could not avail him and that, even if Somers was the aggressor in striking the first blow with his fist, this would not justify the use of a knife upon him by defendant. In so charging the learned judge was well within the rule announced by the decisions and the text writers. Proof that the prosecutor struck the first blow will not justify an excessive battery or an attack with a dangerous weapon: Wharton's Criminal Law, Vol. 1 (10th Ed.) p. 588, and cases there cited. One who is assaulted in such a way as to induce in him a reasonable and well grounded belief that he is actually in danger of losing his life, or of receiving great bodily harm, under the influence of such apprehension, will be justified in defending himself, whether the danger was real or only

apparent; and though he be mistaken in his reasonable conviction he will not be held criminally liable: Com. v. Sutton, 51 Pa. Superior Ct. 191. But the counterattack which one delivers in such circumstances must not be wholly disproportioned to that which was being made upon him.

In Com. v. Roman, 52 Pa. Superior Ct. 64, in which the defendant was charged with simple assault and battery and with what is popularly designated as aggravated assault and battery, it appeared that when the prosecutor advanced toward the defendant with uplifted hand as if to strike, the defendant without receding a step or seeking to avoid the coming blows, raised a beer glass and brought it violently down on the prosecutor's head with such force as to cut him severely. The trial judge charged the jury that it was the duty of the defendant to have receded as far as he could from the difficulty before he could "offer the theory of self-defense when attacked," and that there was nothing of that kind in the case. This court held in a unanimous decision that in view of the serious assault with such an instrument as a beer glass, and the fact that the defendant inflicted griveous bodily harm upon the prosecutor, there was no reversible error in giving the instruction above stated, and that "it may be conceded that if the defendant had only used his naked hands in assaulting the prosecutor, the court would not have been warranted in instructing the jury that if he resisted the defendant must have receded to the wall." In the present case there is nothing in the evidence to warrant a finding that an intentional use of the knife by defendant was necessary to secure him against serious bodily harm. In the circumstances his right of self-defense did not include the right to repel a blow from the prosecutor's fist by using a knife upon him. A careful reading of the entire charge has convinced us that it was neither

erroneous nor inadequate on the subject of self-defense. We are of one mind that considering it as a whole the question of guilt or innocence of defendant was submitted to the jury with substantial fairness under the law applicable to the evidence, and that defendant has no just ground for urging that the judgment be reversed.

The judgment is affirmed.