## Commonwealth *v.* Ware, Appellant.

Submitted April 23, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Benjamin A. Katz,* for appellant.

*Joseph C. Murray* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1973:

This is an appeal from the judgment of sentence imposed on the appellant, Marvin Ware, after he was found guilty of voluntary manslaughter in a trial before a judge, sitting without a jury.

The prosecution emanated from a fatal stabbing in Philadelphia. The principal contentions on appeal are:

(1) the evidence was insufficient to establish beyond a reasonable doubt Ware committed the stabbing; and (2) assuming the Commonwealth's evidence was sufficient to connect Ware with the stabbing then it also established Ware acted in self-defense, and, hence, the homicide was excusable.

In evaluating the merits of the foregoing contentions, it is fundamental the record must be read in the light most favorable to the Commonwealth. *Commonwealth v. Miller*, 445 Pa. 282, 284 A. 2d 739 (1971), and *Commonwealth v. Frazier*, 411 Pa. 195, 191 A. 2d 369 (1963). So read, the record discloses the following facts:

Ware was in a "speakeasy" at 152 N. Franklin Street in Philadelphia when one Julius McDonald, after telling a friend he was going to kill Ware, entered and proceeded to orally abuse Ware for remarks the latter allegedly made about McDonald's girl friend. When Ware admitted making the remarks, McDonald became incensed, pushed Ware down on a sofa and threatened to kill him. Fearing a disturbance, the proprietress requested both men to leave. Before leaving, McDonald turned to Ware and said, "You wait until I get back". After leaving the premises, McDonald stood on the front sidewalk "cussing" and calling for Ware to come out.

Ware exited shortly thereafter, but before leaving he borrowed a pocket knife with a three and one-half inch blade from a female friend who was present. Once outside Ware ignored McDonald and began a conversation with some friends on the sidewalk. McDonald then walked to the opposite side of the street and secured a thick stick, returned to where Ware was standing and struck him once over the head with the stick. A third party then grabbed the stick from McDonald and threw it into the street. The blow immobilized Ware for about three minutes.

After the above incident, McDonald started walking away from the scene on the opposite side of the street, and Ware retrieved the stick from the street and proceeded to pursue him. McDonald saw Ware coming and picked up a trash can with which he succeeded in warding off about ten blows Ware made toward him with the stick.

The combatants then discarded the stick and trash can and began a fist fight which turned into a wrestling match. During the wrestling Ware was observed "reaching over" McDonald and making several downward movements with his hand towards the back of McDonald while the latter was trying to "catch his hand". Blood was then seen coming from the back of McDonald's head. An eyewitness then moved in and saw a knife in Ware's hand and tried to disarm him. Ware turned on this third party and said, "Come on, I'll cut you too".

Onlookers then proceeded to help McDonald into a nearby automobile to transport him to a hospital. McDonald was bleeding from the head and back. Ware approached the vehicle indicating he wanted to continue the altercation, and when one of those present attempted to intervene, Ware threatened to cut him too.

A medical examination at the hospital disclosed McDonald suffered from one stab wound in the abdomen; five stab wounds in the back between the shoulder blades; one stab wound in the back of the head; plus several cuts on the hands and arms. He died from the wounds three days later.

That the foregoing facts are sufficient to establish beyond a reasonable doubt Ware inflicted the stab wounds which caused McDonald's death is clear. The mere fact that none of the witnesses who testified in court saw a knife in Ware's hand during the moments he and McDonald were engaged in the wrestling is not enough to upset the conviction. The fact that Ware in-

flicted the stab wounds may be proven by circumstantial evidence. *Commonwealth v. Frazier,* supra. The circumstantial evidence instantly was more than ample to establish this fact.

The claim the Commonwealth's evidence established Ware acted in self-defense is likewise devoid of merit. The conditions which must be satisfied to successfully invoke the defense of self-defense were delineated in *Commonwealth v. Johnston,* 438 Pa. 485, 263 A. 2d 376 (1970), and more recently repeated in *Commonwealth v. Daniels,* 451 Pa. 163, 301 A. 2d 841 (1973). One of these conditions is the slayer must have been free from fault in provoking *or continuing* the difficulty which resulted in the killing. This condition was not satisfied here.

Finally, it is urged the sentence imposed by the court, two to five years imprisonment, was "austere, unrealistic and cruel". This, too, is without merit. See *Commonwealth v. Wrona,* 442 Pa. 201, 275 A. 2d 78 (1971); *Commonwealth v. Cox,* 441 Pa. 64, 270 A. 2d 207 (1970), and *Commonwealth v. Lee,* 450 Pa. 152, 299 A. 2d 640 (1973).

Judgment affirmed.