## Commonwealth *v.* Jones, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Nolan N. Atkinson, Jr.,* and *Zack, Myers and Atkinson,* for appellant.

*Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

Appellant argues that there was insufficient evidence of aggravated assault and related charges because the Commonwealth did not prove the intent to commit the assault, but rather that intent was vitiated by appellant's showing of self-defense.

The appellant was tried on January 22, and 23, 1974, before Judge Charles LORD, Court of Common Pleas of Philadelphia County, sitting without a jury. The following facts were credited by him after hearing the case. At about 6:00 p.m. on June 21, 1973, appellant went to the home of his common law wife's son to pick up some personal belongings. A fight ensued between appellant and the son, who was aided by his cousin. Later in the evening at about 10:30, Ms. Zamickich, appellant's common law wife, who had remained at her son's home, called appellant at his residence to warn him that her son, the son's cousin, a niece of Ms. Zamickich, and a boyfriend of the niece were about to drive to appellant's residence. She requested that appellant call the police; he would not,

but told her to do so. Ms. Zamickich called the police who subsequently responded to the report of the incipient fight.

Alerted by the phone call, the appellant dressed, armed himself with a kitchen knife, and left the premises to await the arrival of the carload of hostile youths. A flare, some stones, and a piece of a bicycle were thrown at the house. Appellant left the porch to confront the youths, one of whom kicked the appellant. He then struck Donald Farmer, the niece's boyfriend, who pushed appellant to the ground. As appellant jumped from the ground with the knife in hand, he slashed at and cut Farmer, who sustained an injury that required a week's hospitalization. The police arrived and apprehended the appellant who was brandishing the knife while chasing Farmer.

The court found appellant guilty of aggravated assault. Motions in arrest of judgment and for a new trial were denied on March 13, 1974. Appellant was sentenced to one year's probation with sentence suspended on the related charges. This appeal follows the denial of appellant's motions.

As in every appeal from a criminal conviction that challenges the sufficiency of the evidence, the evidence must be read in the light most favorable to the Commonwealth and the Commonwealth must be given the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Johnston,* 438 Pa. 485, 263 A. 2d 376 (1970) ; *Commonwealth v. Ware,* 453 Pa. 15, 307 A. 2d 840 (1973). The instant case raises no serious issue of sufficiency unless the appellant has proved his claim of self-defense by a fair preponderance of the evidence. *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d 108 (1970).[1]

---

[1] *Commonwealth v. Rose,* 457 Pa. 380, 321 A. 2d 880 (1974), raises serious question concerning the status of all affirmative de-

Under the new Crimes Code[2] aggravated assault is defined as a crime which requires specific intent.[3] Further, §505 of the Code provides that a showing of self-defense vitiates intention necessary for criminal responsibility: "(a) The use of force upon or toward another person is justifiable when the actor *believes* that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion. . . . [and] (b)(2) [t]he use of deadly force is not justifiable under this section unless the actor *believes* that such force is necessary to protect himself against death [or] serious bodily injury. . . ." (Emphasis added). Although the statute provides that the actor must "believe" that the use of force is necessary, §501 defines "believe" as "reasonably believe."[4] Similarly, the law in this Commonwealth prior to the new Crimes Code was that while an actor may erroneously believe that he is in danger, he may avail himself of the defense as long as his belief is reasonable. *Commonwealth v. Sutton*, 51 Pa. Superior Ct. 191 (1912).

fenses that place the burden of proof on the defendant in a criminal trial. The Court, however, resisted deciding the case on constitutional grounds, but based its decision on state evidentiary law. Because the holding in *Rose* is not a constitutional one and because the appellant has raised the issue at no point in these proceedings—at trial, in post-trial motions or before this Court—we are not considering the issue because the point has thereby been waived. *Commonwealth v. Williams*, 443 Pa. 85, 277 A. 2d 781 (1971).

[2] Act of Dec. 6, 1972, P. L. 1482, No. 334, 18 Pa.C.S. §101 et seq.

[3] §2702 provides that a person is guilty of aggravated assault if he: ". . . . (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

[4] See Toll, *Pennsylvania Crimes Code Annotated*, §505, citing Joint State Government Commission: "The intent of this section is to codify existing case law pertaining to 'self-defense' and to cover in a single rule the law governing the use of defensive force against both attack and in crime prevention."

Not only must the belief be reasonable, but the actor must also "have been free from fault in provoking or continuing the difficulty which resulted in the [injury]." *Commonwealth v. Johnston,* supra, at 489; *Commonwealth v. Minoff,* 363 Pa. 287, 69 A. 2d 145 (1949). Cf. Crimes Code, §505 (b) (2) (i) : the use of deadly force is not justifiable if "the actor . . . provoked the use of force against himself in the same encounter. . . ." In addition, the actor forfeits his right to use force in meeting force if he has violated a duty to retreat or avoid the danger. *Commonwealth v. Johnston,* supra; *Commonwealth v. Collazo,* 407 Pa. 494, 180 A. 2d 903 (1962). Cf. Crimes Code, §505 (b) (2) (ii) : the use of deadly force is not justifiable if "the actor knows that he can avoid the necessity of using such force with complete safety by retreating. . . ." Finally, when the actor is confronted by non-deadly force, not only must the above criteria be met, but also the actor's retaliation must not be excessive. *Commonwealth v. Presogna,* 221 Pa. Superior Ct. 431, 292 A. 2d 476 (1972) ; *Commonwealth v. Sacco,* 98 Pa. Superior Ct. 347 (1930).

In the instant case, the appellant knew that the police had been notified, so that any possible danger to his house would be abated immediately. Nonetheless, he left the security of his home to confront the youths. The force exerted against the youths by the appellant, therefore, was not "immediately necessary" to protect himself. Nor was his belief that force was necessary reasonable because he knew that the police were coming. There was already animosity between the appellant and the youths. Therefore, by coming onto the porch when the action was not reasonably necessary, appellant was "continuing the difficulty" that resulted in the assault of Farmer. Further, the force exercised on the appellant did not justify the use of deadly force. (Wielding a knife certainly amounts to the use

of deadly force.) Appellant chose to engage in fisticuffs, but then drew his knife after he had been knocked down. The facts are similar to those in *Commonwealth v. Sacco,* supra: "There the defendant had inflicted a serious knife wound after the victim had struck him with his fist. . . . [T]he Court concluded that the [claim of self-]defense was unavailable under those circumstances. . . ." *Commonwealth v. Presogna,* supra at 433.

Because appellant did not prove by a fair preponderance of the evidence that he had a reasonable belief that his use of a knife was necessary to protect himself against serious bodily injury, and because even if the appellant retained the privilege of self-defense after the altercation began, his use of force was excessive, the lower court committed no error in rejecting appellant's claim of self-defense.

Judgment of sentence is affirmed.