J-A28022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :              PENNSYLVANIA
                                            :

                v.                          :
                                            :
                                            :

NICOLE KELLY                         :
                                            :

                  Appellant           :      No. 2603 EDA 2021

Appeal from the PCRA Order Entered December 9, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002679-2014

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED APRIL 4, 2023**

Nicole Kelly appeals from the Philadelphia County Court of Common Pleas' order denying her first petition filed pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546. Kelly claims, in essence, the PCRA court erred by finding she did not act in self-defense in the stabbing incident which led to Kelly's underlying convictions. She also alleges the PCRA court erred by finding her claims of trial counsel's ineffectiveness were without merit. As we disagree on both counts, we affirm.

We glean the facts relevant to this appeal from this Court's memorandum on direct appeal and the PCRA court's opinion, as well as our own review of the record. On September 13, 2013, Kelly was drinking with Latoya Johnson in a bar in Philadelphia on Kensington Avenue. After Kelly and

Johnson went across the street to another bar, Jack's Bar, Kelly ended up stabbing Johnson 14 times outside of the bar.

The police responded to the scene. Two officers stopped Kelly, who was walking southbound on Kensington Avenue. Kelly had blood on her hands, clothes and purse. She told the officers she had done nothing wrong and offered money to the officers to let her go. Kelly then admitted to the officers she had a knife in her purse, which the officers recovered. The officers observed a cut on Kelly's hand. Meanwhile, Johnson, who appeared visibly intoxicated to the police, was taken to the hospital for her multiple stab wounds. She survived.

Kelly was charged with various offenses, including aggravated assault. The matter proceeded to a bench trial, at which both Johnson and Kelly testified. Johnson admitted she was intoxicated on the evening of September 13, 2013, but maintained that no prior altercation occurred before Kelly attacked her. Johnson testified Kelly maced her, pulled out a knife, and stabbed her several times in the forehead, side and stomach "for no reason whatsoever." N.T., 10/13/2015, at 49.

Kelly, in contrast, maintained she stabbed Johnson in self-defense. She testified Johnson was intoxicated and that when she and Johnson went across the street to Jack's Bar, Johnson began yelling at the bartender, who then sprayed Johnson with mace. Kelly stated she helped Johnson out of the bar, and once outside, Johnson began punching and biting her. Although Kelly

conceded she was aware Johnson did not have a weapon, Kelly took out a knife and stabbed Johnson in what was, according to Kelly, an effort to defend herself. Kelly insisted she only stabbed Johnson five or six times, despite the fact that the medical report from the hospital which treated Johnson stated Johnson had been stabbed 14 times. The trial court did not find Kelly's testimony credible.

The court convicted Kelly of, among other crimes, aggravated assault and sentenced her to an aggregate term of ten to 20 years' imprisonment. On appeal, Kelly specifically argued the Commonwealth failed to disprove her self-defense claim. This Court disagreed, and affirmed Kelly's judgment of sentence. Our Supreme Court denied her petition for allowance of appeal.

Kelly filed a timely *pro se* PCRA petition. Counsel was appointed, and filed an amended petition. Kelly alleged trial counsel had been ineffective for failing to call Michelle Troyer, the bartender at Jack's Bar on the night of the stabbing, to testify, and for failing to obtain Kelly's medical records or to call a medical expert to testify about the injuries sustained by Kelly and Johnson. Kelly attached to her petition an affidavit purportedly from Michelle Troyer, as well as an affidavit from Kelly's mother, Antoinette Tonzelli.

The PCRA court held a hearing on the matter. Troyer testified at the hearing. She testified she was working as the bartender at Jack's Bar on September 13, 2013. She recounted that Johnson came into the bar and was yelling and acting aggressive, and appeared intoxicated. Troyer stated she

refused to serve Johnson alcohol, which led Johnson to become more aggressive. Troyer maintained that she feared for her safety, and proceeded to spray mace at Johnson. According to Troyer, several male patrons then removed Johnson from the bar, and Kelly followed her outside. Troyer stated she heard the two women yelling, but did not see any part of the altercation between them. She testified that Johnson was bigger and taller than Kelly. She also stated she was first contacted by Kelly's family in 2016, after the trial.

Kelly's mother, Antoinette Tonzelli, also testified at the hearing. She maintained she told Kelly's trial counsel that the bartender at Jack's Bar had been involved in the incident but that, to the best of her knowledge, trial counsel did not contact the bartender. She testified she did not know the bartender's name prior to trial. Tonzelli also testified she attempted to find Troyer before Kelly's trial, but was unable to do so. Trial counsel did not testify.

Following the hearing, the PCRA court dismissed Kelly's petition as meritless. Kelly filed a notice of appeal, and complied with the court's order to file a Pa.R.A.P. 1925(b) statement. In her statement, Kelly raised four issues, essentially arguing the PCRA court erred by concluding: (1) Kelly used an amount of force in excess of what was necessary for self-defense; (2) counsel was not ineffective for failing to call a medical expert regarding Johnson's injuries; (3) counsel was not ineffective for failing to call Michelle Troyer as a

witness; (4) counsel was not ineffective for failing to investigate other potential witnesses at Jack's Bar.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court rejected all of Kelly's claims. It found her claim regarding excessive force for purposes of a self-defense claim was previously litigated as this Court determined on direct appeal that Kelly had not acted in self-defense. However, "in an abundance of caution," the PCRA court conducted its own analysis and found it was clear Kelly had not acted in self-defense. As for the ineffectiveness claims, the court found Kelly's claim regarding counsel's failure to call a medical expert was also previously litigated as well as meritless, and her claims that counsel was ineffective for failing to call Troyer and other witnesses from Jack's Bar at trial were both without merit. On appeal, Kelly argues the PCRA court erred by rejecting her claims and denying her PCRA petition.

Our review of an order denying a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. **See Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **See Commonwealth v. Benner,** 147 A.3d 915, 919 (Pa. Super. 2016).

Kelly first argues, in essence, the PCRA court erred in finding that she used excessive force by stabbing Johnson and therefore did not act in self-defense. This claim fails for multiple reasons.

First, as the Commonwealth points out, Kelly did not raise this claim related to self-defense in her PCRA petition, and, consequently, the claim is waived. **See Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (stating that claims not raised in a petitioner's PCRA petition and only raised for the first time on appeal are waived). Moreover, as the PCRA court found, Kelly previously litigated the issue of whether she acted in self-defense on direct appeal. This Court addressed Kelly's self-defense claim on the merits:

> [V]iewing the evidence in the light most favorable to the Commonwealth as verdict winner, it established that [Kelly] maced and recklessly stabbed [Johnson] in her head and torso fourteen times, assuring that [Johnson] was injured; she could not have reasonably believed it was necessary to use deadly force to save herself from serious bodily injury where she admitted to knowing that [Johnson] was unarmed; and she violated her duty to retreat where they were on a public street. …
>
> Based on the foregoing, and our review of the record as a whole, we conclude the trial court properly found that the Commonwealth provided sufficient evidence to establish that [Kelly] was not acting in self-defense when she committed the aggravated assault of [Johnson].

**Commonwealth v. Kelly,** 1411 EDA 2016, at 6-7 (Pa. Super. filed August 16, 2017) (unpublished memorandum) (citations omitted).[1]

---

[1] To the extent Kelly's claim in this appeal differs from the one she raised on direct appeal, it is waived as she could have raised it on direct appeal. **See** 42 Pa.C.S.A. § 9544(b).

- 6 -

We agree with the PCRA court that Kelly's first issue, even if not waived, was previously litigated and therefore not cognizable under the PCRA. **See** 42 Pa. C.S.A. § 9543(a)(3); 42 Pa. C.S.A. § 9544(a)(2).

Kelly clumps all three of her claims that trial counsel was ineffective into a singular claim, her second and final one. Counsel is presumed to have been effective. **See Commonwealth v. Brooks**, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Kelly must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for their conduct; and (3) she was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. **See id.** As is true for all petitioners, Kelly's "failure to prove any one of the three prongs results in the failure of [her] claim." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).

All three of Kelly's ineffectiveness claims involve trial counsel's failure to call a potential witness. In order to prevail on such a claim, Kelly must also show that: (1) the witness existed; (2) the witness was available and willing to testify for the defense; (3) defense counsel knew of, or should have known of, the existence of the witness; and (4) the the absence of the testimony prejudiced her. **See Commonwealth v. Sneed,** 45 A.3d 1096, 1109 (Pa.

2012). To show prejudice in this context, Kelly must demonstrate the witness's testimony would have been helpful to her defense. **See id.**

Kelly first asserts trial counsel was ineffective for failing to consult and call a medical expert to testify about Johnson's injuries. Specifically, Kelly asserts "a medical expert would have testified that despite having fourteen wounds[,] [Johnson] was not stabbed fourteen times because a knife, especially a sharp one, can cause multiple wounds in one swipe." Appellant's Brief at 19. This claim fails for several reasons.

In the first place, Kelly does not argue all three prongs of the ineffectiveness test as it relates to this claim and the claim is waived for that reason alone. **See Commonwealth v. Spotz**, 18 A.3d 244, 282 (Pa. 2011) (stating that a petitioner's ineffectiveness claim must meaningfully address all three prongs of the ineffectiveness test or it will be deemed waived). Moreover, as Kelly acknowledges, to establish a claim that counsel was ineffective for failing to call a witness, she must show, *inter alia*, the witness existed and was willing and available to testify for the defense. **See Sneed,** 45 A.3d at 1109. Here, Kelly has never identified, in her petition or otherwise, a medical expert who would have testified in support of her defense theory. Her claim also fails for this reason. **See Commonwealth v. Nelson**, 523 A.2d 728, 735 (Pa. 1987) (denying a claim of ineffectiveness for failing to present expert medical testimony when the petitioner did not identify an expert who would have testified favorably to his defense theory). No relief is due.

Next, Kelly claims the PCRA court erred by finding counsel was not ineffective for failing to call Troyer, the bartender working at Jack's Bar, to testify at trial. This claim also does not offer any basis for relief.

In rejecting this claim, the PCRA court first found that the affidavit of Kelly's mother, Antoinette Tonzelli, established that Troyer was not available to testify at Kelly's trial. According to the PCRA court, the affidavit established Troyer was unable to be located before Kelly's trial, and that Tonzelli herself was unable to make contact with Troyer until after Kelly's trial. **See** Trial Court Opinion, 5/16/2022, at 13-14. Kelly's response to the court's finding of Troyer's unavailability at trial is nothing more than a bald assertion that Troyer was available to testify because she continued to work at Jack's Bar until at least one year after Kelly's trial. This undeveloped argument fails to convince us the PCRA court erred by concluding Troyer was unavailable to testify at trial and therefore, counsel was not ineffective for failing to call her as a witness at trial. **See Sneed,** 45 A.3d at 1109.

Moreover, the PCRA court also noted there were numerous "glaring" issues with the affidavit attached to the petition purportedly submitted by Troyer, not the least of which were that Troyer denied writing the affidavit at the hearing and the notarized date of the affidavit meant the affidavit was available at the time of Kelly's direct appeal. Even though the court found the affidavit not to be credible, it did find Troyer's testimony at the hearing to be credible. Even so, the court found Kelly had not suffered any prejudice:

[Troyer] admitted that she was unable to watch the fight and that she assumed Johnson] had been the one who used a knife during the altercation. This information would not have changed the outcome of [Kelly's] trial considering that [Kelly] knew the victim was unarmed, violated her duty to retreat from the public street, fled the scene instead of calling for help, and offered to give money to [police officers] in exchange for letting [her] go. The information in [Troyer's] affidavit was not sufficient to overcome these factors and lead a reasonable person to believe that [Kelly] used a justifiable level of lethal force in self-defense.

Considering that, as stated in [**Commonwealth v. Jones**, 332 A.2d 464, 466 (Pa. Super. 1974)], the mere act of wielding a knife amounts to deadly force [and a claim of self-defense is unavailable when an individual escalates a fist fight by wielding a knife], [Troyer's] affidavit did not proffer sufficient evidence to convince this court that her testimony at trial would have exonerated [Kelly], especially when [Troyer] admitted she did not even witness the altercation between [Kelly and Johnson].

Trial Court Opinion, 5/16/2022, at 16-17.

While we acknowledge Troyer's testimony would have challenged the credibility of Johnson's testimony about how the altercation started, it would not have changed the key, undisputed circumstances: that Kelly stabbed an unarmed Johnson multiple times on a public street. Kelly has not offered this Court any persuasive reason to disturb this conclusion by the PCRA court that Kelly failed to establish she was prejudiced by the absence of Troyer's testimony at trial. For all the reasons outlined above, we agree with the PCRA court that this issue does not afford Kelly with any relief.

Finally, Kelly asserts counsel was ineffective for failing to investigate or call other potential witnesses who were in Jack's Bar on the night of the stabbing to testify. This claim is waived for three reasons: (1) it was not raised

- 10 -

in Kelly's PCRA petition, ***see Santiago***, 855 A.2d at 691;[2] (2) it is completely undeveloped in Kelly's appellate brief, ***see Spotz***, 18 A.3d at 282; and (3) Kelly fails to identify any witnesses who would have testified at trial, much less establish that their testimony would have been helpful to her defense, ***see Sneed,*** 45 A.3d at 1109.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023

---

[2] In her *pro se* PCRA petition, Kelly does name two witnesses, Jackie Thursby and "Sam," each of whom would, according to Kelly, testify "as to what she saw." PCRA Petition, 4/24/2019, at 7. However, Kelly did not make a specific claim about these witnesses or attach certifications from them. The issue is not raised in the amended petition.