A bailee holds an insurable interest in the property in his possession. *Gardner v. Freystown Mutual Fire Insurance Co.,* 350 Pa. 1, 37 A.2d 535 (1944). However, Green has testified that she believed that Witlin had insured the car. This was reasonable, since Witlin was the car's lessee. In fact, the Mercedes Benz Credit Corp. lease assigned to Witlin places the responsibility to obtain insurance upon the lessee. The agreement between Witlin and Green was not effective to transfer this obligation to Green, since an assignment of the lease required the written consent of Mercedes Benz, which the parties did not obtain.

**In the Interest of T.S.**

*Cynthia Thompkins, assistant district attorney,* for the Commonwealth.

*Ricky Morris,* for defendant.

D'ALESSANDRO, *J.,* November 12, 1992—This opinion is written in support of this court's order dated June 5, 1992, which denied the post verdict motion filed by the defendant. For the reasons stated herein the motion is denied.

On February 28, 1992, a fight occurred between two juvenile girls. The names of the parties are deleted from this opinion for purposes of confidentiality. As a result of this fight, the defendant has been adjudicated delinquent on the following charges: aggravated assault, recklessly endangering another person, possession of an instrument of a crime, and simple assault. The defendant has appealed from the decision.

A summary of an incident leading up to the fight is in order. The defendant and complaining witness talked on the phone two days before the fight. Threats were exchanged between the two parties, as both were hostile to each other. The testimony of both parties was contradictory regarding who initially made the telephone threats.

After school on the day of the fight, the complaining witness went home, changed into a sweat suit, and asked her cousin, Shawn West, to accompany her to the fight. Both of them went to the corner of the defendant's street and waited for her there. The complaining witness testified, "I told my cousin to be there to make sure that nobody else interferes with the fight." (N.T. p.9).

The defendant turned the corner and noticed the complaining witness and her cousin sitting on a step. The

complaining witness walked toward the defendant and threw a punch at her, thus starting the fight. At this point, the testimony is contradictory. The defendant testified that the complaining witness' cousin held her arms as the complaining witness beat her. The complaining witness testified that her cousin never intervened until the end of the fight.

As the fight progressed, the defendant pulled out a knife, with the blade in, and began beating the complaining witness on the head. Moments later, the defendant pulled out the blade and stabbed the complaining witness in the head and neck. No weapons were used by the complaining witness.

The defense argues two points in its post verdict motion. First the Commonwealth did not prove beyond a reasonable doubt that the defendant did not act in self defense. Second the Commonwealth did not prove that defendant's actions were excessive under the circumstances.

This court will address the self defense issue first. The Commonwealth sustains its burden of proving beyond a reasonable doubt that actions were not done in self defense, if it proves one of the following: "The [defendant] was not free from fault in provoking or continuing the difficulty which resulted in the fight, the [defendant] did not reasonably believe she was in imminent danger of death or great bodily harm, or the [defendant] violated a duty of retreat." *Commonwealth v. Watson,* 494 Pa. 467, 471, 431 A.2d 949, 951 (1980) (quoting *Commonwealth v. Burns,* 490 Pa. 352, 354, 416 A.2d 507, 507 (1980)).

If the prosecution proves any one of the three elements above, it has met its burden of proof. This court has

determined that the prosecution met its burden. There is evidence that the defendant did provoke the complaining witness. She called the complaining witness and made threats to her. Each party threatened physical force against the other. The court perceives this scenario as a mutual conflict. The defendant and complaining witness provoked each other. They both continued the difficulty by way of threats, phone calls and insults. As a result, the prosecution did prove beyond a reasonable doubt that the defendant was not free from fault in provoking or continuing the conflict. Thus the self defense claim fails.

Furthermore, the prosecution has met its burden by showing that the defendant's belief, that she was in fear of death or serious bodily injury, was unreasonable. The fight occurred in broad daylight on the corner of defendant's street. The complaining witness had no weapons. The incident was a fist fight before the defendant pulled out the knife. Under the circumstances, a reasonable person would not be in fear of death or serious bodily injury.

The second argument made by the defense is that the use of the knife was reasonable under the circumstances. The defense raises two points to substantiate this claim. First, the defendant knew of prior violent crimes committed by the complaining witness and her cousin. Second, the defense points to the alleged holding down of the defendant by the cousin.

This court holds the use of the knife was *not* reasonable under the circumstances. "[W]hen an actor is confronted by non-deadly force, the actor's retaliation must not be excessive." *Commonwealth v. Cutts*, 281 Pa. Super. 110, 113, 421 A.2d 1172, 1173 (1980) (quoting *Commonwealth*

*v. Jones,* 231 Pa. Super. 300, 304, 332 A.2d 464, 465-6 (1974)). This case is a clear example of excessive retaliation. The defendant was confronted with the fists of the complaining witness and retaliated with deadly force. Other courts have agreed with the contention that a deadly weapon is not justified in combating the fists of another, "[w]hile a man may repel force with force ... yet he was not justified in repelling a mere stroke of the hand by using a knife upon his adversary." *Commonwealth v. Sacco,* 98 Pa. Super. 340, 351 (1929).

The knowledge of the complaining witness' prior conviction does not give the defendant the right to stab her. The circumstances surrounding the fight does not justify the use of a deadly weapon.

Lastly, the alleged holding down of the defendant was in dispute. Both parties testified in disagreement. The defendant testified, "[complaining witness] started hitting me, I couldn't get my book bag off my back, and I had my pocketbook and stuff on my shoulder." (N.T. p.50.) This court finds it difficult to accept that the defendant could pull out a knife while being held down by the cousin while having to cope with her pocketbook and book bag as well.

For the reasons stated herein, this court denied the post verdict motion.