J-S75011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY BRASWELL | |
| Appellant | No. 2928 EDA 2013 |

Appeal from the Judgment of Sentence January 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006710-2011

BEFORE: ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.: **FILED JANUARY 23, 2015**

Appellant, Anthony Braswell, appeals *nunc pro tunc* from the January 8, 2013 aggregate judgment of sentence of 25 to 50 years' incarceration, imposed following his conviction at a bench trial for aggravated assault, possession of an instrument of crime, simple assault and recklessly endangering another person, in connection with the stabbing of the complainant/victim.[1] After careful review, we affirm based on the thorough and well-supported opinion of the Honorable Daniel J. Anders.

The trial court, in its June 10, 2014 opinion, has aptly summarized the factual history of this case, which we need not repeat in full here. In brief, the procedural history of this case as determined from the certified record transpired as follows. Appellant was charged with the aforementioned

---

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2701(a), and 2705, respectively.

crimes on May 25, 2011. On November 19, 2012, Appellant waived his right to trial by jury and proceeded with a bench trial, at the conclusion of which the trial court found him guilty of all counts. On January 8, 2013, the trial court sentenced Appellant to the mandatory 25 to 50 years' imprisonment for "third-strike" offenders prescribed by 42 Pa.C.S.A. § 9714(a)(2). On January 18, 2013, Appellant filed post-sentence motions, raising sufficiency of the evidence and weight of the evidence challenges. The trial court denied those motions on March 6, 2013. No direct appeal was filed.

On August 8, 2013, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), seeking, in part, restoration of his direct appeal rights. The PCRA court granted Appellant relief on September 19, 2013, permitting Appellant to file a *nunc pro tunc* direct appeal within 30 days. Appellant filed his notice of appeal on October 15, 2013.[2]

On appeal, Appellant raises the following questions for our review.

> I.  Should Appellant's sentence be vacated because the evidence was insufficient to support a verdict of guilty under 18 Pa.C.S.A. § 2702(a)(1) because:
>
>> a.  The Commonwealth failed to prove that Appellant intended to cause serious bodily injury, and
>>
>> b.  The Commonwealth failed to prove that Appellant caused serious bodily injury intentionally, knowingly or recklessly

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

> under circumstances manifesting extreme indifference to the value of human life?

> II. Should Appellant's sentence be vacated because the trial court abused its discretion by not ruling that the verdict of guilty on the charge of Aggravated Assault as a Felony of the First Degree, 18 Pa.C.S.A. § 2702(a)(1) was against the weight of the evidence?

> III. Was the evidence presented at trial sufficient to justify a finding of self-defense under 18 Pa.C.S.A. § 505?

> IV. Should Appellant's sentence be vacated because the Commonwealth failed to meet its burden, under 18 Pa.C.S.A. § 505, of disproving self-defense?

Appellant's Brief at 5-6.

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence relative to the aggravated assault charge. *Id.* at 12. "A claim impugning the sufficiency of the evidence presents us with a question of law." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Our standard and scope of review are well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every

possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-151 (Pa. Super. 2013) (citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014).

Specifically, Appellant maintains the Commonwealth's evidence failed to prove the requisite *mens rea* to support a conviction for aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). Appellant's Brief at 12. "In this case, there is very little evidence by which the fact finder could infer Appellant's intent beyond the injury itself. Neither [of the Commonwealth's

- 4 -

eyewitnesses] described Appellant's actions in sufficient detail to conclusively prove that he intended to cause the type of serious injury that [the victim] sustained." *Id.* at 17. He further asserts that alternative explanations of his intent can be inferred from the evidence, including accident or defense. *Id.* at 17-18.

The trial court, in its June 10, 2014 opinion, carefully recounts the evidence supporting its verdict, concluding the evidence was sufficient to prove Appellant caused serious bodily harm to the victim and did so with specific intent. Trial Court Opinion, 6/10/14, at 4. Based on our careful review of the record, we agree. Specifically, we agree with the trial court that the evidence of Appellant initiating an aggressive confrontation with the victim, his use of a previously hidden deadly weapon on a vital part of the victim's body, his consequent flight, and his attendant and subsequent statements all support an inference beyond a reasonable doubt that Appellant acted with the requisite specific intent.[3]

Appellant next claims the verdict of guilty for aggravated assault was against the weight of the evidence. Appellant's Brief at 22. An argument that the jury's verdict was against the weight of the evidence concedes the evidence was sufficient to sustain the convictions. ***Commonwealth v.***

---

[3] Because we conclude the trial court correctly determined the evidence supports its finding of specific intent to cause serious bodily injury, we do not need to address Appellant's companion claim that the evidence was insufficient to show he acted intentionally, knowingly or recklessly manifesting extreme indifference to human life raised in his issue I.b.

- 5 -

*Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, *Lyons v. Pennsylvania*, 134 S. Ct. 1792 (2014). "A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014) (citation omitted). "[A]n appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (quotations and citations omitted), *appeal denied*, 3 A.3d 670 (Pa. 2010).

> In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. … Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Commonwealth v. Clay*, 64 A.3d 1049, 1056-1057 (Pa. 2013), *quoting Commonwealth v. Brown*, 648 A.2d 1177, 1190 (Pa. 1994).

> The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the

- 6 -

> trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Weathers*, 95 A.3d 908, 910-911 (Pa. Super. 2014), *quoting* *Commonwealth v. Diggs*, 949 A.2d 873, 879–80 (Pa. 2008).

Specifically, Appellant argues, "[c]onsidering the totality of the evidence, [the victim's] claim that she did not swing at Appellant just before she sustained her injuries is undermined by her prior testimony wherein she admitted that she did." Appellant's Brief at 23. Appellant asserts that fact refutes the claim he acted with specific intent or reckless indifference and supports his claim of self-defense. *Id.*

In its June 10, 2014 opinion, the trial court again references its recitation of the testimony in light of its credibility determinations to conclude the verdict "does not shock one's sense of justice." Trial Court Opinion, 6/10/14, at 5. Upon review of the record, we discern no abuse of discretion by the trial court in denying Appellant's motion for new trial based on the insufficient weight of the evidence. *See Weathers*, *supra*.

In his final issue,[4] Appellant claims the evidence presented by the Commonwealth was insufficient to disprove Appellant's claim of self-defense beyond a reasonable doubt. We have noted our standard of review for

---

[4] The trial court determined that Appellant had sufficiently raised the issue of self-defense justification to shift the burden to the Commonwealth to disprove his claim. Trial Court Opinion, 6/10/14, at 5-6. We therefore do not need to address Appellants issue III herein.

claims of insufficient evidence above. In addition, relative to self-defense claims we note the following.

> [A] claim of self-defense (or justification, to use the term employed in the Crimes Code) requires evidence establishing three elements: (a) [that the defendant] reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat. Although the defendant has no burden to prove self-defense… before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding. Once the question is properly raised, the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense. The Commonwealth sustains that burden of negation if it proves any of the following: that the slayer was not free from fault in provoking or continuing the difficulty which resulted in the slaying; that the slayer did not reasonably believe that [he] was in imminent danger of death or great bodily harm, and that it was necessary to kill in order to save [him]self therefrom; or that the slayer violated a duty to retreat or avoid the danger.

*Commonwealth v. Mouzon*, 53 A.3d 738, 740-741 (Pa. 2012) (internal quotation marks, citations and footnote omitted), *see also* 18 Pa.C.S.A. 505.[5]

_____

[5] The version of Section 505 applicable to this case provides in pertinent part as follows.

### § 505. Use of force in self-protection

*(Footnote Continued Next Page)*

- 8 -

**(a) Use of force justifiable for protection of the person.—**The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

**(b) Limitations on justifying necessity for use of force.—**

…

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

…

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating or by surrendering possession of a thing to a person asserting a claim of right thereto or by complying with a demand that he abstain from any action which he has no duty to take…:

…

(3) Except as required by paragraphs (1) and (2) of this subsection, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating, surrendering possession, doing any other act which he has no legal duty to do or abstaining from any lawful action.

…

Instantly, Appellant, in support of his argument, selectively recites facts he deems support an inference he acted in self-defense, including the number of people he confronted, and the fact some of them stood up. Appellant's Brief at 25. Further, Appellant, in a conclusory manner, asserts he had no duty to retreat, because he reasonably believed he could not do so without being harmed. *Id.* at 26.

Again, in its June 10, 2014 opinion, the trial court carefully recounts the evidence supporting its conclusion that the Commonwealth met its burden in disproving Appellant's claim of self-defense. Trial Court Opinion, 6/10/14, at 7-9. After close review of the certified record, we agree. Specifically, we agree with the trial court that the evidence shows Appellant acted with specific intent to harm, that even if Appellant was reacting to perceived aggression his reaction was excessive and use of deadly force unwarranted, and that even if Appellant was reacting to perceived aggression Appellant had a duty to retreat. *See Id.*

In sum, after careful review, we conclude that the trial court's June 10, 2014 Rule 1925(a) opinion fully sets forth Appellant's claims, identifies the proper standard of review, discusses the relevant law and explains the basis

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

18 Pa.C.S.A. § 505. We note the subject incident in this case predated the amendments, effective August 29, 2011, incorporating Pennsylvania's "stand your ground" law provisions. As such, those amendments do not apply to this case. *See Commonwealth v. Smith*, 97 A.3d 782, 787 n.2 (Pa. Super. 2014).

for its conclusion that said claims lack merit. Instantly, we carefully reviewed the entire record and Appellant's arguments and we conclude that the thorough and well-reasoned opinion of Judge Daniel J. Anders is in concert with our own views as addressed above. We conclude the trial court did not abuse its discretion or commit an error of law when it denied Appellant's post-trial motion for arrest of judgment or for new trial based on the foregoing sufficiency and weight of evidence claims. Accordingly, we adopt the opinion by the Honorable Daniel J. Anders as our own for purposes of appellate review and affirm the January 8, 2013 judgment of sentence. ***See Id.***

Judgment of sentence affirmed

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/23/2015</u>

.

FILED

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY JUN 1 0 2014
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA  Criminal Appeals Unit
TRIAL DIVISION – CRIMINAL  First Judicial District of PA

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0006710-2011

VS. : 2928 EDA 2013

ANTHONY BRASWELL :

## OPINION

Following a waiver trial, Defendant Anthony Braswell was convicted of aggravated

assault, possession of an instrument of crime, simple assault, and recklessly endangering another

person. The trial court sentenced Defendant to a mandatory sentence of 25 to 50 years of

incarceration followed by 7 years of probation. Defendant filed a timely appeal in which he

argues: (1) the evidence was insufficient to support the aggravated assault conviction, (2) the

aggravated assault conviction was against the weight of the evidence, (3) the evidence was

sufficient to justify a finding of self-defense, and (4) the Commonwealth failed to disprove self-

defense. For the reasons stated below, the Superior Court should affirm the judgment of

sentence.

## FACTUAL BACKGROUND

On the afternoon of May 24, 2011, Ramieka Hart was walking down the 1500 Block of

West Pacific Street in Philadelphia. As Hart crossed West Pacific Street, she noticed a ten-dollar

bill in the middle of the street. Hart picked up the money and walked with her daughter to

Germantown Avenue. Hart and her daughter shopped for approximately two hours and returned

to 1500 West Pacific Street. Hart arrived at a friend's home and set her bags down to try on a

pair of shoes. N.T. 11/19/2012 at 10-37.

Defendant Anthony Braswell approached Hart and the other individuals, including Jackie

Evans, Aaron, Ebony, Bud, and Knita, outside of 1500 West Pacific Street. Defendant asked for

his money back. Hart replied that she did not have any money for him. Hart handed her purse to her daughter and instructed her to go inside the house. Defendant repeated his request for Hart to give the money back several times and then stepped even closer toward Hart. Defendant was now face-to-face with Hart. Hart and the others all stood up because Defendant "passed the comfort zone for everybody." Defendant then stabbed Hart in the abdomen with a knife. *Id.*

Defendant immediately tried to flee the scene after he stabbed Hart. Other individuals nearby, including Aaron, grabbed Defendant as he started to run off and tackled him to the ground. As they tussled on the ground, Defendant also tried to stab Aaron. Eventually Aaron let go of Defendant to avoid being injured by Defendant. Defendant then ran away before police arrived. *Id.*

The first responders on scene transported Hart by ambulance to Temple Hospital. Hart remained there for three or four days obtaining treatment. Hart endured emergency surgery and voluntary exploratory surgery to examine the extent of any internal injuries, which required 36 staples and left a large scar running from her upper-left abdomen down to her pelvic region. Hart can no longer lift objects over 50 pounds, and she is physically unable to shop or wash clothes on her own. *Id.* at 17-20.

Police arrived at the scene shortly after the ambulance departed with Hart. The blood was already cleaned from the street. After several phone conversations with his girlfriend, who was at the scene in the presence of police officers, Defendant returned to the scene and turned himself in to police. *Id.* at 55-66.

The Commonwealth introduced recorded phone calls from Defendant to his girlfriend while in custody. These tapes further corroborated the evidence on several points: (1) the money at issue, (2) that Defendant was angry and upset just before the stabbing because he realized he would not be getting his money back, (3) how the Defendant felt "wronged," (4) awareness of

2

the knife used and attempts to clean and hide the knife, and (5) scheming to make up an alternative story.

DISCUSSION

1.    There Is Sufficient Evidence To Support The Aggravated Assault Conviction

Defendant asserts that the evidence was insufficient to support the aggravated assault conviction. In reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence at trial was sufficient to establish all elements of the crime beyond a reasonable doubt. *Commonwealth v. Burton*, 2 A.3d 598 (Pa. Super. Ct. 2010). In doing so, the appellate court views all of the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner. *Id.* A conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id.*

A person is guilty of aggravated assault in the first degree if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S. § 2702(a)(1). "Serious bodily injury" is bodily injury that creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of function of any bodily member or organ. 18 Pa.C.S. § 2301. A person acts intentionally when it is his conscious object to engage in conduct of that nature or to cause such a result. *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. Ct. 2012).

If the victim does not sustain serious bodily injury, the Commonwealth must prove that the defendant acted with the specific intent to cause serious bodily injury. The Commonwealth may prove intent to cause serious bodily injury by circumstantial evidence. *Commonwealth v. Lewis*, 911 A.2d 558, 563 (Pa. Super. Ct. 2006) (finding that a victim with multiple swollen areas

3

on her face and neck, and multiple cuts and lacerations on her face and inside of her mouth sufficient evidence of serious bodily injury or intent to inflict serious bodily injury); *Commonwealth v. Gray*, 867 A.2d 560 (Pa. Super. Ct. 2005) (finding that a victim with multiple stab and puncture wounds to arm, forehead, and scalp provided sufficient evidence for a fact-finder to infer an attempt to cause serious bodily injury).

Here, there is sufficient evidence to establish beyond a reasonable doubt that Defendant caused serious bodily injury to Hart. Hart suffered protracted loss or impairment of function, in that she is no longer able to lift heavy objects and cannot shop or wash clothes. She also has a large permanent scar from her chest down to her abdomen.

There is also sufficient evidence to establish beyond a reasonable doubt that Defendant acted with the specific intent to cause serious bodily injury. Defendant was observed in broad daylight stabbing Hart in her chest, which is a vital part of her body. Defendant's statements to Hart and her godson about the money indicated his state of mind and his motive. Defendant produced the knife from his person, further indicating his intent and premeditated purpose when approaching Hart. Other circumstantial evidence of his mindset included: (1) Defendant approached the group in an aggressive manner, (2) Defendant then approached Hart individually, (3) Defendant then stepped closer into Hart's face, which was past her "comfort zone," (4) Defendant escalated the situation with repeated questions that were unprovoked, (5) Defendant initially attempted to flee, and ultimately successfully fled the scene, (6) Defendant attempted to stab another individual when tackled to the ground, and (7) the recorded phone calls further corroborated the evidence of Defendant's state of mind, and provided insight into his consciousness of guilt.

Therefore, the evidence was sufficient to support Defendant's aggravated assault conviction as a felony of the first degree.

4

2. The Verdict Was Not Against The Weight Of The Evidence

Defendant asserts that the verdict was against the weight of the evidence. When evaluating the weight of the evidence, the standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, [the Superior Court] may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. Super. Ct. 2003).

The fact-finder's credibility determinations based on the evidence presented and the demeanor of the witnesses at trial should stand, particularly when there is corroboration of Hart's testimony. In light of the overwhelming evidence discussed above, the verdict is not contrary to the evidence and does not shock one's sense of justice.

3. Although The Evidence Was Sufficient To Raise The Issue Of Self-Defense, The Commonwealth Met Its Burden Of Disproving Self-Defense Beyond A Reasonable Doubt

Defendant asserts that the evidence was sufficient to justify a finding of self-defense. Defendant also claims that the Commonwealth failed to meet its burden of disproving self-defense beyond a reasonable doubt.

a. Defendant Properly Raised The Issue Of Self-Defense

Although the defendant has no burden to prove self-defense, before the defense is properly in issue, "there must be some evidence, from whatever source, to justify such a finding." *Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012) (citing *Commonwealth v. Black*, 376 A.2d 627, 630 (Pa. 1977)). Once the question is properly raised, "the burden is upon

5

the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense." *Id.*

At trial, defense counsel cross-examined Hart on a prior statement from her preliminary hearing testimony. N.T. 11/19/2012 at 25. Hart denied her previous statement that she "stood up and swung" at defendant. *Id.* at 26. This evidence—that Hart "swung" at Defendant—is sufficient to raise a colorable claim of self-defense that required the Commonwealth to disprove the claim of self-defense beyond a reasonable doubt. The trial court instructed itself on self-defense before issuing the verdict. N.T. 11/19/2012 at 74-75.

### b. The Commonwealth Disproved Self-Defense Beyond A Reasonable Doubt

The use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the issue of self-defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. *Commonwealth v. Bullock*, 948 A.2d 818, 824 (Pa. Super. Ct. 2008).

In order for the Commonwealth to disprove self-defense, one of the following elements must exist: (1) the defendant used more force than was necessary to save himself from death, bodily injury, or the commission of a felony; (2) the defendant provoked the use of force; or (3) the defendant had a duty to retreat, which was possible to accomplish with complete safety. *See Commonwealth v. Burns*, 765 A.2d 1144, 1148-1149 (Pa. Super. Ct. 2000). "Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a jury is not required to believe the testimony of the defendant who raises the claim." *Bullock*, 948 A.2d at 824.

6

i. The Commonwealth Proved Beyond A Reasonable Doubt That
Defendant Used Excessive And Unreasonable Force

When confronted with non-deadly force, a defendant's responding use of force must not
be excessive. *Commonwealth v. Buterbaugh*, 2014 PA Super 102, ___ A.3d ___ (Pa. Super. Ct.
2014) (citing *Commonwealth v. Cutts*, 421 A.2d 1172 (Pa. Super. Ct. 1980)). There is a right to
use force to repel unlawful non-deadly force, but the force that is used must be reasonable under
the circumstances. *Commonwealth v. Witherspoon*, 730 A.2d 496 (Pa. Super. Ct. 1999). If the
force used purportedly in self-defense is excessive, the defendant forfeits his claim of self-
defense. 18 Pa.C.S. § 505; *see also Commonwealth v. Witherspoon*, 730 A.2d 496 (Pa. Super. Ct.
1999) (explaining the difference in the rule used for cases involving deadly force and the rule
used for cases not involving deadly force). For example, a defendant who uses a knife to defend
against fists, under some circumstances, has used excessive force and cannot claim self-defense.
*See Commonwealth v. Jones*, 332 A.2d 464 (Pa. 1974) (holding that use of a pocket knife against
kicking and pushing assailants is excessive force), *Commonwealth v. Cutts*, 421 A.2d 1172 (Pa.
Super. Ct. 1980) (holding that use of "shiny instrument" capable of slashing is excessive force
applied against person who poked defendant with a sharp stick).

Viewing all of the evidence and reasonable inferences therefrom in the light most
favorable to the Commonwealth as verdict winner, Defendant approached Hart and aggressively
demanded money from her. The corroborated testimony and previous statements from Hart and
Evans and the other evidence of record show that Defendant responded to the situation with
deadly force with a knife. There were no injuries to Defendant; there was no evidence Hart or
anyone else had a knife or any weapon. Defendant's prison calls further corroborated Hart's
testimony and Defendant's intent to cause serious bodily injury. Thus, the Commonwealth

7

disproved Defendant's alleged self-defense claim because the evidence proves Defendant used excessive and unreasonable force.

Even assuming, for the sake of argument, that Defendant was punched by Hart before he stabbed her with a knife, Defendant's stabbing of Hart would be a classic example of meeting non-deadly force by Hart with deadly force by Defendant. This hypothetical scenario fails any self-defense justification because stabbing an unarmed woman is inherently excessive and unreasonable. *See Witherspoon, Jones,* and *Cutts, supra* at 7. *A fortiori*, meeting the minimal force of a rather tame argument between Hart and Defendant with deadly force is unequivocally excessive and unreasonable. Therefore, the Commonwealth proved beyond a reasonable doubt that Defendant's use of force was excessive and unreasonable, and Defendant's claim must fail.

### ii. The Commonwealth Proved Beyond A Reasonable Doubt That Defendant Had A Duty to Retreat

It is well-established under Pennsylvania law that "the use of deadly force cannot be used where there is an avenue of retreat, if the defendant knows the avenue of retreat is available." *Commonwealth v. Ventura*, 975 A.2d 1128, 1143 (Pa. Super. Ct. 2009). "The law does not require an accused to elect an avenue of retreat where a reasonably prudent person would conclude that such a decision would increase his or her exposure to the threatened harm." *Id.* at 1143-44.

Here, the evidence supports the proposition that retreat was possible and would not have exposed Defendant to any harm. Defendant was presented with numerous opportunities to retreat. Instead, Defendant repeatedly decided to escalate the situation. Defendant chose the location for the altercation. Defendant provoked the initial confrontation by aggressively starting an argument with Hart. Defendant brought the knife, which was initially concealed somewhere on his person, with him to 1500 West Pacific Street. Defendant chose to escalate the argument by

8

stepping closer in an intimidating and threatening manner. Defendant decided to stab Hart and attempt to stab Aaron as Defendant fled. Finally, Defendant successfully fled the area after he completed the crime, which reveals Defendant's clear avenue of retreat throughout the encounter.

Moreover, there is no evidence that Defendant was blocked by anyone from safely retreating. Or that, in doing so, that Defendant would have increased his exposure to harm. To the contrary, Defendant was able to easily escape after he stabbed Hart, which is evidence that he knew that an avenue of safe retreat was available. What stopped Defendant from retreating—and caused him to stab Hart—was Defendant's ego and pride.

As a result, the Commonwealth proved beyond a reasonable doubt that Defendant failed to utilize an avenue of safe retreat as required. Therefore, Defendant's self-defense claim fails.

CONCLUSION

Based on the foregoing, the judgment of sentence should be affirmed.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: June 10, 2014

9