**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KERRY R. DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 762 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 14, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002188-2023

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: JANUARY 29, 2025**

Appellant Kerry R. Davis, Jr. appeals the judgment of sentence entered by the Court of Common Pleas of Berks County after Appellant was convicted of aggravated assault, simple assault, harassment, driving vehicle without valid registration, and driving while operating privilege is suspended or revoked.[1]  Counsel has filed an application to withdraw as counsel along with a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Appellant claims his aggravated assault conviction was not supported by the sufficiency and weight of the evidence and also contends that the trial court imposed an excessive sentence.  We affirm and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2709(a)(1); 75 Pa.C.S.A. §§ 1301(a), 1543(a).

The trial court summarized the factual background of the case as follows:

> Felicia Torres testified that on May 27, 2023, she went to Appellant's home to watch his son. Later that evening, while Appellant was driving Ms. Torres and the couple's baby daughter home, they began arguing because Appellant was speeding. Ms. Torres testified that she picked up their daughter's plastic potty seat and hit Appellant in the arm with it so that he would slow down. Appellant responded by punching Ms. Torres in the face with a closed fist. Ms. Torres stated that she then hit Appellant in his face with a closed fist.
>
> Ms. Torres testified that Appellant subsequently pulled the car over, put it into park, and began beating her face and body with his closed fist. Ms. Torres estimated that Appellant hit her more than thirty times. Ms. Torres testified that she attempted to block Appellant from hitting her but [claimed] that she did not hit him back. Ms. Torres testified that she begged Appellant to stop but that he smiled in response, kept hitting her, and said, "[Y]ou fucking bitch, I hate you."
>
> Appellant eventually dropped Ms. Torres and their daughter off at Ms. Torres's mother's apartment building. Ms. Torres knocked on the door of her mother's apartment and her sister opened the door. Ms. Torres testified that her sister began screaming when she saw Ms. Torres's face. Ms. Torres's father called for an ambulance, which transported Ms. Torres to Reading Hospital.
>
> Dr. Henry Kramarski, who was qualified as an expert witness in the field of emergency medicine, testified that he treated Ms. Torres at Reading Hospital. Dr. Kramarski testified that Ms. Torres had bruising around her right eye, a laceration inside her lower lip, and a loosened tooth. Dr. Kramarski testified that imaging revealed that Ms. Torres also suffered a fracture to the top part of her jaw and nasal bone fractures. Photographs of Ms. Torres's injuries were admitted into evidence as Commonwealth's Exhibit 1A.

Trial Court Opinion (T.C.O.), 7/1/24, at 3-4.

Appellant was initially charged with aggravated assault, robbery, simple assault, theft, and the vehicle code offenses. Appellant proceeded to a bifurcated trial. On April 11, 2024, the jury convicted Appellant of aggravated assault and simple assault, but acquitted Appellant of robbery and theft. The trial court convicted Appellant of harassment, driving without valid registration, and driving while operating privilege is suspended or revoked.

That same day, the trial court sentenced Appellant to an aggregate term of six to fifteen years' imprisonment. On April 19, 2024, Appellant filed a post-sentence motion which the trial court subsequently denied on April 25, 2024. On May 14, 2024, the trial court entered an amended sentencing order to notify Appellant that he was subject to the 12-month reentry supervisory period set forth in 61 Pa.C.S.A. § 6137.2.

Thereafter, Appellant filed a timely notice of appeal on May 23, 2024. Appellant also complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

We first must evaluate whether the trial court was permitted to amend its sentencing order more than thirty days after judgment of sentence was entered.

> Generally, a court "may modify or rescind any order within 30 days after its entry, if no appeal has been taken." **Commonwealth v. Klein**, 566 Pa. 396, 781 A.2d 1133, 1135 (2001) (citing 42 Pa.C.S.A. § 5505). However, the court has "inherent powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the [thirty day] term." **Id.** (citations omitted). Included among these exceptional circumstances to Section 5505's jurisdictional

- 3 -

time limits is where the court *sua sponte* corrects an illegal sentence originally imposed, even after the defendant has begun serving the original sentence. ***Commonwealth v. Santone***, 757 A.2d 963 (Pa.Super.2000); ***Commonwealth v. Quinlan***, 433 Pa.Super. 111, 639 A.2d 1235, 1239 (1994) (recognizing respective challenges of an illegal, patently contradictory, or fraudulently procured sentence as excepted from the jurisdictional time limit imposed by Section 5505). ***See also In the Interest of K.R.B.***, 851 A.2d 914 (Pa.Super. 2004) (finding an amended order subject to Section 5505's time limits because it added a penalty that was discretionary, rather than mandatory, under statute).

If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. ***Commonwealth v. Randal***, 837 A.2d 1211 (Pa.Super. 2003).

***Commonwealth v. Baio***, 898 A.2d 1095, 1099 (Pa.Super. 2006).

In this case, the trial court entered an amended sentencing order thirty-three days after the original sentencing order was entered. In the amended order, the trial court indicated that Appellant was required to comply with the twelve-month reentry supervision period set forth in Section 6137.2, which provides that individuals sentenced to an "aggregate minimum sentence of total confinement … of 4 years or more … **shall** be sentenced to a period of reentry supervision of 12 months consecutive to and in addition to any other lawful sentence issued by the court." 61 Pa.C.S.A. § 6137.2(a)-(b) (emphasis added).

As Appellant was sentenced to an aggregate term of six to fifteen years' imprisonment, he was subject to the requirements of Section 6137.2, which imposes a *mandatory* period of reentry supervision. As such, we find that the

trial court was permitted to make this *sua sponte* correction to its original sentencing order.

We proceed to evaluate counsel's request to withdraw before we reach the merits of Appellant's issues on appeal to determine whether counsel has complied with the procedures set forth in **Anders** and its progeny. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) *(en banc)* (citing **Commonwealth v. Goodwin**, 928 A.2d 287, 292 (Pa.Super. 2007) (*en banc*)). To do so, we are guided by the following principles:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof ....
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314–15 (Pa.Super. 2024) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted)).

Our Supreme Court has also set forth substantive requirements for counsel's **Anders** brief, which must: "(1) provide a summary of the procedural

history and facts, with citations to the record; (2) refer to anything in the record that counsel believes would arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." ***Commonwealth v. Santiago***, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009)). Therefore, a fully compliant ***Anders*** brief should "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Id.***

If counsel meets the foregoing obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. This Court has also explained that:

> the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

***Yorgey***, 188 A.3d at 1197.

In this case, counsel has submitted both a petition to withdraw and an ***Anders*** brief averring that this appeal is frivolous. Attached to counsel's application is a letter dated August 26, 2024, which properly advised Appellant

of his right to retain alternative counsel or raise supplemental arguments on his own.[2]  Our review confirms that the **Anders** brief submitted provides an adequate summary of the factual and procedural history of this matter, along with a discussion of governing Pennsylvania law as applied to these circumstances.  Counsel explains why he believes the appeal is frivolous based on applicable law.  ***See id.***

Based upon the foregoing, we conclude that appellate counsel complied with the procedural requirements attendant to **Anders**.  Therefore, we proceed to review the merits of the issue raised in counsel's brief and conduct an independent review of the record to determine if there are any additional, non-frivolous issues not raised by counsel.  **Yorgey**, **supra**.

Appellant wished to raise the following issues for review:

1. Whether the evidence at Trial was sufficient to support a verdict of guilty of Aggravated Assault.

2. Whether the verdict of Aggravated Assault was contrary to the weight of the evidence.

3. Whether a top-of-the-standard-range 6 to 15 year sentence imposed for Aggravated Assault was an abuse of discretion by the Trial Court.

Appellant's Brief, at 7.

_____

[2] Appellant filed a *pro se* "praecipe for discontinuance," asking this Court to discontinue the case and claiming to have information that would "show and prove his innocence."  Pro se filing, 9/24/24, at 1.  Other than this bald assertion, Appellant did not offer any further detail to support his claim of innocence.

We first review Appellant's challenge to the sufficiency of the evidence supporting his aggravated assault conviction. Our standard of review is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa.Super. 2023) (quoting *Commonwealth v. Gause*, 164 A.3d 532, 540-41 (Pa.Super. 2017) (*en banc*) (citation omitted)).

Appellant was convicted of aggravated assault pursuant to Section 2702(a)(1) of the Crimes Code, which provides as follows:

> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
>
>> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life …

18 Pa.C.S.A. § 2702(a)(1). The Crimes Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

This Court has recognized that "[t]o sustain a conviction for aggravated assault, the Commonwealth need not show that serious bodily injury actually occurred, but only that the defendant attempted to cause serious bodily injury to another person." ***Commonwealth v. Rosario***, 307 A.3d 759, 765 (Pa.Super. 2023) (citing ***Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa.Super. 2001)). "[A]ttempt, for aggravated assault purposes, can be found where the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating serious bodily injury upon another." ***Commonwealth v. Russell***, 209 A.3d 419, 426 (Pa.Super. 2019) (citation and internal quotation marks omitted).

Our courts have also recognized that where a defendant's attack does not cause a victim serious bodily injury, "the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury. Criminal intent may be proved by direct or circumstantial evidence." ***Commonwealth v. Alexander***, 477 Pa. 190, 194, 383 A.2d 887, 889 (1978).

> Circumstances deemed probative in this inquiry have included evidence that the assailant was disproportionately larger or stronger than the victim, that the assailant had to be restrained from escalating his attack, that the assailant had a weapon or other implement to aid his attack, or that the assailant made

> statements before, during, or after the attack which might indicate his intent to inflict further injury. [**Id.** at] 194, 383 A.2d 887, 889 (1978). Depending on the circumstances, "even a single punch may be sufficient." [**Commonwealth v.**] **Dailey**, 828 A.2d [356,] 360 [(Pa.Super. 2003)]. **See also Alexander**, 477 Pa. at 194, 383 A.2d at 889 ("We hasten to add that a simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault").

**Commonwealth v. Bruce**, 916 A.2d 657, 661–62 (Pa.Super. 2007).

In **Rosario**, this Court upheld the appellant's conviction for aggravated assault as the Commonwealth sufficiently established that the appellant had acted with the requisite intent to cause serious bodily injury to a corrections officer who Appellant had punched approximately thirty times with a closed fist about the head and face.[3] **Rosario**, 307 A.3d at 766. This Court found "[t]he fact that other officers came to [the corrections officer's] aid before [the appellant] caused serious bodily injury to him does not preclude a finding that [the appellant] acted with intent to cause serious bodily injury." **Id**. at 767.

Similarly, regardless of whether the victim actually suffered serious bodily injury in this case, we conclude that there was sufficient evidence to show Appellant attempted to cause the victim serious bodily injury. Appellant viciously attacked the victim by punching her in the head over thirty times. It

---

[3] Although we recognize that **Rosario** involved a challenge to the sufficiency of the evidence of an aggravated assault conviction under 18 Pa.C.S.A. § 2702(a)(2) (attempting to cause serious bodily injury to a corrections officer), the same principles apply to the analysis in this case to analyze whether the Commonwealth proved that Appellant attempted to cause the victim serious bodily injury.

was reasonable for the jury to infer that Appellant intended to inflict serious bodily injury on the victim as he repeatedly hit her in a vital part of her body. Despite the victim's pleas for Appellant to stop hitting her, Appellant refused to stop and continued to assault her while smiling and saying "you fucking bitch, I hate you." This verbal outburst during the prolonged attack not only showed Appellant's callousness and animus towards the victim, but also constituted proof that Appellant intended to inflict further harm on the victim and cause her serious bodily injury.

Based on the totality of the evidence, there was sufficient evidence to allow the jury to find that Appellant intentionally acted in a manner which constituted a substantial or significant step toward perpetrating serious bodily injury upon the victim.

We also reject Appellant's claim that there was insufficient evidence to overcome the defense theory of justifiable self-defense. "If a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt. Although the Commonwealth is required to disprove a claim of self-defense ... a jury is not required to believe the testimony of the defendant who raises the claim." *Commonwealth v. Houser*, 610 Pa. 264, 275, 18 A.3d 1128, 1135 (2011).

Section 505 of the Crimes Code provides that the use of force against a person is justified "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a).

- 11 -

This section further provides that "a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used, without retreating, surrendering possession, doing any other act which he has no legal duty to do or abstaining from any lawful action." 18 Pa.C.S.A. § 505(b)(3).

Our courts have recognized that the doctrine of self-defense permits an individual to "repel non-deadly force with force which is reasonable under the circumstances." **Commonwealth v. Presogna**, 292 A.3d 476 (Pa.Super. 1972). "[W]hen the actor is confronted with non-deadly force ... the actor's retaliation must not be excessive." **Commonwealth v. Jones**, 332 A.2d 464, 466 (Pa.Super. 1974). In other words, in cases that do not involve deadly force but instead "involv[e] a mere battery, ... force may be met with force so long as it is only force enough to repel the attack." **Commonwealth v. Witherspoon**, 730 A.2d 496, (Pa.Super. 1999) (quoting **Commonwealth v. Pollino**, 467 A.2d 1298, 1301 (Pa. 1983)).

In this case, the victim admittedly started the altercation by hitting Appellant's arm with a child's plastic toilet seat and telling Appellant he was driving too fast. It was not reasonable for Appellant to claim that it was immediately necessary to punch the victim over thirty times in the head and face to protect himself from the victim, who was begging Appellant to stop hitting her. As such, the Commonwealth presented sufficient evidence to disprove Appellant's claim of self-defense.

Appellant also challenges the weight of the evidence supporting his aggravated assault conviction. We are guided by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> *Commonwealth v. Sebolka*, 205 A.3d 329, 340–341 (Pa.Super. 2019) (citations and internal quotation marks omitted).

*Commonwealth v. Dewald*, 317 A.3d 1020, 1037 (Pa.Super. 2024).

Appellant would have this Court believe his contention that the victim was responsible for the attack and he was only responding in self-defense.

- 13 -

Appellant also contended that the victim was intoxicated during the events in question and punched him in the face and bit him.

However, Appellant's version of the facts at issue are not supported by the evidence of the physical injuries that the parties sustained. It does not appear from the record that Appellant sustained visible injury when the victim admittedly hit him on the hand with a plastic toilet seat or from further attack. In contrast, the photographs of the victim's injuries and her medical records support the victim's claim that Appellant repeatedly and violently struck her head and face. While Appellant claimed that the victim was intoxicated and violent during the time period in question, both the responding officer and treating physician testified that the victim showed no signs of intoxication.

We decline Appellant's request to overturn the jury's credibility's findings. "When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa.Super. 2012) (citation omitted). The jury, in its role as factfinder, was free to believe all, part, or none of the evidence presented at trial and was responsible for determining the credibility of the witnesses. *Commonwealth v. James*, 297 A.3d 755 (Pa.Super. 2023). We find no abuse of discretion in the trial court's assessment that the jury's verdict was supported by the weight of the evidence.

Lastly, Appellant argues that the trial court imposed an excessive sentence in the top of the standard range of the sentencing guidelines.

Appellant is challenging the discretionary aspects of his sentence. In reviewing such claims, we are mindful that:

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

As noted above, Appellant filed a timely post-sentence motion and a timely notice of appeal. Although counsel's *Anders* brief does not contain a Rule 2119(f) statement, we will address Appellant's contention in light of counsel's petition to withdraw.

We proceed to determine whether Appellant raised a substantial question as to the appropriateness of the sentence under the Sentencing Code. In doing so, we note that our Court must evaluate on a case-to-case basis on whether a sentencing claim raises a substantial question for review. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the

- 15 -

fundamental norms which underlie the sentencing process." *Id.* (citations omitted).

Appellant claims that the trial court abused its discretion in imposing its sentence "in the upper end of the standard range when a lesser sentence would have satisfied the provisions of 42 Pa.C.S.A. § 9721." Post-sentence motion, at ¶ 30 (unpaginated). This Court has held that "a claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits." *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995) (internal citations and quotation marks omitted).

Even assuming *arguendo* that Appellant had raised a substantial question for our review, we would find no merit in Appellant's challenge to the discretionary aspects of his sentence. Our standard of review of a sentencing challenge is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Reid*, 323 A.3d 26, 30–31 (Pa.Super. 2024) (quoting *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (citation omitted)).

When imposing a sentence, the trial court must take into account the protection of the public, the gravity of the offense, the rehabilitative needs of the defendant, and the provisions of the Sentencing Guidelines. 42 Pa.C.S.A. § 9721(b). Our courts have recognized that where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

**Reid**, 323 A.3d at 31 (citation omitted).

In reviewing the sentencing transcript in this case, we observe that the trial court stated on the record that it had considered all of the information in the pre-sentence investigation report along with the sentencing guidelines. After Appellant was permitted to make a statement at sentencing, the trial court indicated that it found his claims of remorse to be not credible as Appellant continued to minimize his behaviors, failed to take responsibility for his actions, and persisted in blaming the victim.

Our review of the record shows that the trial court was aware of the required sentencing considerations and carefully fashioned Appellant's sentence based on Appellant's individualized circumstances. Therefore, we conclude that the trial court did not abuse its discretion in imposing Appellant's sentence.

Furthermore, our independent review of the entire record, as required pursuant to **Anders**, reveals no additional non-frivolous claims. **Yorgey**, 188 A.3d at 1195. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2025